UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 10-59-DLB

| | |
|---|---|
| UNITED STATES ex rel. RIGSBY, | RELATORS AND COUNTERCLAIM DEFENDANTS |
| V. | **ORDER** |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL., | DEFENDANT AND COUNTERCLAIM PLAINTIFF |

This matter is before the undersigned on Defendant State Farm Fire and Casualty Company's ("State Farm") Second Motion to Compel Compliance with Subpoena. [R. 17]. Prior to initiating this action on June 18, 2010, State Farm issued a subpoena *duces tecum* to the Scruggs Law Firm, P.A./SLF, Inc. ("SLF"). [see R. 17-2]. SLF refused to honor the subpoena, and State Farm subsequently issued a second subpoena to SLF seeking (1) production of certain documents, and (2) production of a representative for deposition pursuant to Fed. R. Civ. P. 30(b)(6). [see R. 17-3]. Following SLF's refusal to honor the second subpoena, State Farm moved to compel its compliance with the first subpoena *duces tecum*. [R. 1]. SLF responded by moving to quash both subpoenas. [R. 9]. Upon briefing of the matter, the Court granted State Farm's motion to compel and denied SLF's motion to quash. [R. 15].

On July 8, 2010, State Farm filed the instant motion to compel. [R. 17]. In support, it states that SLF's corporate designee was inadequately prepared for his Rule 30(b)(6) deposition, and although SLF produced some documents in response to the first subpoena *duces tecum*, it did not produce all relevant documents within its control. [R. 17-1 at 2-3.]. State Farm requests that the

Court: (1) compel SLF to produce an adequately prepared Rule 30(b)(6) witness in compliance with the second subpoena, (2) compel SLF to produce any documents within its possession, custody, or control that are responsive to the first subpoena *duces tecum*, (3) compel SLF to produce the documents sought in the second subpoena, and (4) sanction SLF for its alleged violation of the discovery process and the Court's prior Order.  [Id. at 3].

With respect to State Farm's first request for relief, the record is clear that SLF's corporate designee was inadequately prepared for his Rule 30(b)(6) deposition.  Indeed, the designee testified that he made no inquiry into several topics that were noticed for the deposition.  [See R. 17-8 at 1-2, 4-6, 10, 12].  Accordingly, the Court will direct SLF to produce a knowledgeable and adequately prepared Rule 30(b)(6) witness for deposition on or before August 2, 2010.

The Court will further direct SLF to produce any documents within its possession, custody, or control that are responsive the first subpoena *duces tecum*.  With respect to this issue, SLF contends that it is not required to produce documents that it previously sent to another law firm because they are not within its "control" for purposes of Fed. R. Civ. P. 45.  However, district courts in this Circuit have noted that the word "control" is to be broadly construed.  See Walton v. Best Buy Company, 2010 WL 1494612, at *2 (E.D. Mich., April 14, 2010) (unpublished); see also Congress v. Tillman, 2009 WL 3627996, at *3 (E.D. Mich. Oct. 30, 2009) (unpublished).  Indeed, "[a] party controls documents that it has the right, authority, or *ability to obtain upon demand*." Walton, 2010 WL 1494612 at * 2. (emphasis added).  Here, SLF indicates that it did not even attempt to obtain the pertinent documents from the law firm at issue.  Accordingly, to the extent that SLF has the right, authority, or ability to obtain the relevant documents, the Court orders that it do so and provide them to State Farm.

Finally, the Court declines to compel SLF to produce the documents sought in the second

subpoena. State Farm's sole argument on this issue is that SLF waived any substantive objections to the pertinent document requests by failing to raise them in its motion to quash. [R. 17-1 at 15-16]. The Court disagrees. Fed. R. Civ. P. 45(c)(2)(B) provides that objections to a subpoena for documents must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Here, the second subpoena was served on June 11, 2010, and the time specified for compliance was June 28, 2010. [see R. 17-3]. Thus, SLF had until June 25, 2010, to serve any objections. SLF served its objections on June 25, 2010, within the allowable time frame. [see R. 25-2]. Because SLF was entitled under Rule 45 to a period of time to object to the second subpoena for documents, the Court rejects State Farm's waiver argument. Further, as State Farm does not address SLF's substantive objections to the subpoena, the Court will not compel SLF to produce the requested documents.

Having considered the matter fully, and being otherwise sufficiently advised,

IT IS ORDERED AS FOLLOWS:

(1)  State Farm's Second Motion to Compel Compliance with Subpoena [R. 17] is GRANTED, insofar as:

(a)  SLF shall produce a knowledgeable and adequately prepared Rule 30(b)(6) witness for deposition in compliance with the second subpoena on or before AUGUST 2, 2010.

(b)  To the extent that SLF has the right, authority, or ability to obtain documents that are responsive to the first subpoena *duces tecum*, it shall do so and provide them to State Farm on or before AUGUST 2, 2010.

(2)  In all other respects, State Farm's Second Motion to Compel [R. 17] is DENIED.

(3)  SLF's Motion for Leave to File Supplemental Response [R. 29] is GRANTED.

Signed July 29, 2010.



**Signed By:**

<u>*Edward B. Atkins*</u>   *EBA*

**United States Magistrate Judge**